**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TOPWIRE LLC, | § | |
| | § | |
| *Plaintiff,* | § | Case No. 2:25-CV-1183 |
| | § | _____ |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD.; | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | Jury Trial Demanded |
| INC., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

Plaintiff TopWire LLC ("TopWire") files this Original Complaint against Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung" or "Defendants") for patent infringement under 35 U.S.C. § 271. Plaintiff alleges, based on its own personal knowledge with respect to its own actions and based on information and belief with respect to all others' actions, as follows:

### THE PARTIES

1.      Plaintiff TopWire LLC ("TopWire") is a Texas limited liability company that holds all rights, title, and interests in United States Patent No. 9,859,202 (the "Asserted Patent"). TopWire has a mailing address and a registered office address at 5900 Balcones Drive Suite 100 Austin, Texas 78731.

2.      Defendant SEC is a Korea corporation with its principal place of business at 129 Samsung-Ro Yeongtong-gu, Gyeonggi-do 16677 Suwon-Shi, Republic of Korea. SEC may be served pursuant to Fed. R. Civ. P. 4(f)(1).

3.      Defendant SEA is a New York corporation. SEA has been registered to do business in the state of Texas since June 10, 1996 and may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.      SEA is a wholly owned subsidiary of SEC (SEC and SEA collectively "Samsung" or "Defendants"). Samsung maintains a regular and established places of business in this District, including a "flagship campus" at 6625 Excellence Way, Plano, Texas that began operations in 2018.[1] In 2023, Samsung announced the opening of a new executive briefing center, the Samsung Networks Innovation Center, at its Plano office. The center "supports hands-on collaboration among [Samsung's] partners and customers, including a dedicated on-site testing lab to work together on new network innovations and solutions."[2]

### JURISDICTION & VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action brought by TopWire against Samsung arises under the patent laws of the United States, 35 U.S.C. §1 *et seq*.

6.      This Court has personal jurisdiction over Samsung at least because Samsung conducts business in this District and throughout the state of Texas.

7.      This Court also has personal jurisdiction over Samsung because Samsung has committed acts of patent infringement in this District and throughout Texas, including selling, and offering for sale, products and services that infringe TopWire's Asserted Patent.

---

[1] Samsung, *Samsung Electronics America to Open Flagship North Texas Campus*, available at https://news.samsung.com/us/samsung-electronics-america-open-flagship-north-texas-campus/ (last visited November 20, 2025).
[2] Samsung, *Samsung Networks Innovation Center Opens its Doors, Offering a Close Look at Advanced Network Connectivity*, available at https://news.samsung.com/us/samsung-networks-innovation-center-opens-doors-offering-close-look-advanced-network-connectivity/ (last visited November 20, 2025).

8.      This Court also has personal jurisdiction over Samsung because Samsung has placed infringing products and services into the stream of commerce, with the expectation they will be purchased and used by customers in Texas and in this District, such that customers in Texas and in this District have purchased and used, and continue to purchase and use, Samsung's infringing products and services, which has allowed Samsung to derive substantial benefits from infringing acts in Texas and in this District.

9.      Venue is proper in this District against Samsung pursuant to 28 U.S.C. §§ 1391 and 1400(b).

10.     Venue is proper in this District against Defendant SEC under 28 U.S.C. § 1391(c)(3) because SEC is a foreign corporation who is not a resident of the United States. Venue is also proper in this District against SEC because SEC is subject to the personal jurisdiction of this Court as set forth above, has committed patent infringement in this District, and maintains a regular and established place of business in this District, through its subsidiary SEA at 6105 Tennyson Pkwy, Plano, TX 75024.

11.     Venue is proper in this District against Defendant SEA under 28 U.S.C. §§ 1391 and 1400(b) because SEA is subject to the personal jurisdiction of this Court as set forth above, has committed patent infringement in this District, and maintains a regular and established place of business in this District.

12.     Samsung has previously been party to numerous patent cases in this District, and has repeatedly availed itself of the power and benefits of this Court and forum by raising counterclaims seeking a declaratory judgment of noninfringement and invalidity.[3]

---

[3] *See, e.g.*, *Network-1 Techs., Inc. v. Samsung Elecs. Co., Ltd.*, 2-25-cv-00667 (E.D. Tex. Nov. 5, 2025); *Maxell, Ltd. f/k/a Hitachi Maxell, Ltd. v. Samsung Elecs. Co., Ltd.*, 5-25-cv-00052 (E.D. Tex. Jul. 21, 2025); *SnapAid, Ltd. v. Samsung Elecs. Co., Ltd.*, 2-25-cv-00378 (E.D. Tex. Aug. 4,

13.     Defendants SEC and SEA are properly joined under 35 U.S.C. § 299(a)(1) because Defendants have committed the accused acts of patent infringement jointly, severally, and in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing, selling, and/or offering for sale the same accused Samsung products and services. In addition, joinder is proper under 35 U.S.C. § 299(a)(1) because questions of fact common to both Defendants will arise in this action.

### THE ASSERTED PATENT

14.     On January 2, 2018, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,859,202 ("the '202 Patent"), entitled "Spacer Connector," with Dyi-Chung Hu, a resident of Taiwan at the time of filing for patent protection, listed as the sole inventor. The '202 Patent claims priority to U.S. Provisional Application No. 62/184,034, filed June 24, 2015. A copy of the '202 Patent is attached as Exhibit A. On April 27, 2025, Dyi-Chung Hu subsequently assigned all rights, titles, and interests in the '202 Patent to TopWire.

15.     Dr. Dyi-Chung Hu is a leading expert in semiconductor packaging. Dr. Hu has a PhD in material science from the Massachusetts Institute of Technology ("MIT") and has experience in industry and academia. During his career, Dr. Hu has worked for IBM East Fishkill, served as a professor at the National Chao Tung University, served as a member of the Industry Research Organization in Taiwan, and helped pioneer the thin film transistor ("TFT") LCD industry in Taiwan. Additionally, Dr. Hu has served as a founding committee member of SEMCON Taiwan electronic packaging and served as the Senior Vice President of Research and Development at Unimicron. Dr. Hu is the founder of two Taiwanese LCD companies, E-Ink and

---

2025); *Wilus Inst. of Standards and Tech. Inc. v. Samsung Elecs. Co., Ltd.*, 2-25-cv-00070 (May 5, 2025); *Wave Sense, LLC v. Samsung Elecs. Co. Ltd.*, 2-24-cv-00920 (E.D. Tex. Feb. 19, 2025); *VB Assets, LLC v. Samsung Elecs. Co., Ltd.*, 2-24-cv-00828 (Jan. 14, 2025).

HannStar, and he currently serves as the founder and CEO of SiPlus Co., a systems integration company. Dr. Hu has been invited to speak on semiconductor packaging at numerous conferences and is a named inventor on more than 100 patents.

16.    The '202 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

17.    The '202 Patent is directed to patentable subject matter. Particularly, the '202 Patent is directed to a novel semiconductor structure for separating and electrically connecting two layered packaging substrates. In the claimed semiconductor structure, an integrated circuit can interface with the lower packaging substrate of the two layered packaging substrates. Accordingly, the claimed semiconductor structure can facilitate integrated circuit layering in electronic devices like smartphones.

18.    To the extent any marking or notice was required by 35 U.S.C. § 287, TopWire has complied with the applicable marking and/or notice requirements of 35 U.S.C. § 287.

### FACTUAL BACKGROUND

***Semiconductor Packaging***

19.    In smartphones, semiconductor packaging plays a crucial role in balancing performance, size, and power efficiency. Modern phones are designed to be compact yet highly capable, which places extreme constraints on how chips are packaged and integrated. Because smartphone chips handle functions like computing, graphics, communications, and sensing, their packaging must support both high-speed data transmission and effective thermal management in a small, tightly confined space.

*Samsung's Use of the Patented Technology*

20.    Samsung is one of the leading smartphone companies in the United States, with the company selling millions of smartphones each year. Some estimates peg Samsung as having about a 30% share of the U.S. smartphone market.[4]

21.    Every smartphone Samsung has ever created includes a small logic board—sometimes also referred to as a main board or motherboard. The logic board serves as the brains for the smartphone, controlling and facilitating most of the smartphone's core functions. For example, the logic board controls the display interface, the camera, the speaker, and many other features of the smartphone.

22.    Early Samsung smartphone models used a single-layered logic board—that is, the logic boards each included a single substrate and chips interfacing with this substrate. As Samsung integrated more features and functions into its smartphones, the number of components inside these smartphones steadily increased, creating more space constraints for the engineers designing new smartphones.

23.    Samsung's release of the Galaxy Note 10 and the Galaxy Note 10+ on August 23, 2019 introduced a new logic board design.[5] The Galaxy Note 10 and the Galaxy Note 10+ employed a double-layered logic board with two substrates. The top surface of each substrate included integrated circuits, allowing the logic board to support more chips without increasing its

---

[4] *See* Counter Point Research, *U.S. Smartphone Market Share: Quarterly*, available at https://counterpointresearch.com/en/insights/us-smartphone-market-share (last visited November 20, 2025).

[5] *See* Samsung, *Galaxy Note 10 Officially Launches in Markets Around the World,* available at https://news.samsung.com/global/galaxy-note10-officially-launches-in-markets-around-the-world (last visited November 20, 2025); *See also* iFixit, *Samsung Galaxy Note10+ Teardown*, https://www.ifixit.com/Teardown/Samsung+Galaxy+Note10++5G+Teardown/125590 (last visited November 20, 2025) ("And one more thing: more board! Looks like Samsung took a note out of Apple's playbook and stacked their motherboard for maximum space savings.").

surface area. On information and belief, in addition to the Galaxy Note 10 and the Galaxy Note 10+, all other subsequently released Samsung smartphones (collectively, "the Accused Products") include a double-layered logic board with two substrates.



*Samsung Galaxy Note 10 logic board*

24.    The double-layered logic board with two substrates is an Infringing Semiconductor Structure. Many Samsung smartphones include an Infringing Semiconductor Structure.

25.    On information and belief, the Accused Products with the Infringing Semiconductor Structures at least include the following Samsung smartphone models:[6] the Samsung Galaxy Note 10, the Samsung Galaxy Note 10+, the Samsung Galaxy Fold, the Samsung Galaxy A50, the Samsung Galaxy S20, the Samsung Galaxy S20+, the Samsung Galaxy S20 Ultra, the Samsung Galaxy Z Flip, the Samsung Galaxy Note 20, Samsung Galaxy Note 20 Ultra, the Samsung Galaxy Z Fold 2, the Samsung Galaxy S20 FE, the Samsung Galaxy S21, the Samsung Galaxy S21+, the Samsung Galaxy S21 Ultra, the Samsung Galaxy Z Fold 3, the Samsung Galaxy Z Flip 3, the Samsung Galaxy S21 FE, the Samsung Galaxy S22, the Samsung Galaxy S22+, the Samsung Galaxy S22 Ultra, the Samsung Galaxy Z Fold 4, the Samsung Galaxy Z Flip 4, the Samsung Galaxy S23, the Samsung Galaxy S23+, the Samsung Galaxy S23 Ultra, the Samsung Galaxy Z Fold 5, the Samsung Galaxy Z Flip 5, the Samsung Galaxy S24, the Samsung Galaxy

---

[6] These models are identified by way of example and not limitation, and comprise Samsung products having been released following the Samsung Galaxy Note 10.  Discovery may reveal the existence of additional infringing products.

S24+, the Samsung Galaxy S24 Ultra, the Samsung Galaxy Z Fold 6, and the Samsung Galaxy Z Flip 6.

26.    On information and belief, Samsung continues to make, use, sell, and/or offer for sale smartphones with the Infringing Semiconductor Structures in the United States and/or import smartphones with the Infringing Semiconductor Structures into the United States.

27.    On information and belief, future smartphone models made, used, sold, and/or offered for sale by Samsung in the United States and/or imported by Samsung into the United States will include Infringing Semiconductor Structures.

28.    Samsung does not have any ownership rights to the technology covered by '202 Patent. Additionally, Samsung does not have a license to make, use, sell, or offer for sale the technology covered by the '202 Patent.

29.    Samsung has actual notice of the '202 Patent before the commencement of this lawsuit. On September 19, 2025, TopWire sent a letter addressed to Samsung's Legal Department. The letter alleges that Samsung sells mobile devices that infringe the '202 Patent. Samsung responded to this letter on October 14, 2025.

30.    The Infringing Semiconductor Structures separate and electrically connect two layered packaging substrates. Additionally, the Infringing Semiconductor Structures can facilitate integrated circuit layering in electronic devices, including the Accused Products.

31.    Samsung has capitalized on the Infringing Semiconductor Structures to simultaneously reduce the size of its logic boards and increase their computational and technical capabilities, both of which provide Samsung meaningful advantages over its smartphone competitors.

32.    In the interest of providing detailed averments of infringement, TopWire has identified below at least one claim of the '202 Patent to demonstrate infringement. However, the selection of claims should not be considered limiting, and additional claims of the '202 Patent that are infringed by Samsung will be disclosed in compliance with the Court's schedule.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,859,202 ("'202 PATENT")**

33.    TopWire incorporates by reference the preceding paragraphs as if fully set forth herein.

34.    Samsung has directly infringed and continues to directly infringe the '202 Patent under 35 U.S.C. § 271(a). The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of the Accused Products with Infringing Semiconductor Structures to practice the claimed invention in the '202 Patent. For example, claim 1 of the '202 Patent[7] recites:

A structure, comprising:

a bottom package substrate;

a top package substrate stacked on top of the bottom package substrate;

at least one spacer connector interposed between the bottom package substrate and the top package substrate to define a space between the bottom package substrate and the top package substrate, wherein the spacer connector comprises

a core substrate;

a plurality of metal pillars, each passing through the core substrate; and

a plurality of top metal pads, each on a top end of a corresponding metal pillar among the plurality of metal pillars;

---

[7] Claim 1 is referenced herein for representative purposes. Plaintiff intends to identify additional asserted claims and reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

wherein a bottom end of each metal pillar among the plurality of metal pillars protrudes downwardly from a bottom surface of the core substrate,

the top package substrate has, on a bottom surface thereof, a plurality of bottom metal pillars each coupled to a corresponding metal pillar among the plurality of metal pillars of the spacer connector,

the bottom package substrate has, on a top surface thereof, a plurality of top metal pillars each coupled to a corresponding metal pillar among the plurality of metal pillars of the spacer connector, and

the top package substrate is electrically coupled to the bottom package substrate through the plurality of bottom metal pillars of the top package substrate, the plurality of metal pillars of the spacer connector, and the plurality of top metal pillars of the bottom package substrate; and

a bottom chip arranged in the space between the bottom package substrate and the top package substrate, wherein

the bottom chip is mounted to the top surface of the bottom package substrate, and the at least one spacer connector comprises two spacer connectors arranged on opposite sides of the bottom chip.

The Infringing Semiconductor Structures meet the recited elements of the structure in Claim 1.

35.    For the purposes of showing infringement, the Samsung Galaxy S23 Ultra is selected as a representative Accused Product with an Infringing Semiconductor Structure. However, on information and belief, all Samsung smartphone models released since the Samsung Galaxy Note 10 series share a similar structure that infringes in the same way.



36.    Opening the Samsung Galaxy S23 Ultra reveals the internal components of the phone.



37.    Removing the shielding and other components exposes the logic board.



    

38.    The logic board includes several chips, including a Qualcomm SM8550 64-bit octa-core Snapdragon applications/baseband processor (red), a Samsung KLUFG8RHHD-B0G1 512 GB NAND flash memory and memory controller (orange), a Wacom WEZ02 digitizer controller (yellow), a Cirrus Logic CS35L42 audio amplifier (green), a Cirrus Logic CS40L26 haptic driver

(light blue), Analog Devices MAX77705C power management (dark blue), and an NXP Semiconductor PCA9481UK battery charger (pink).[8]



39.     The logic board in the Samsung Galaxy S23 Ultra is an Infringing Semiconductor Structure. On information and belief, all other logic boards in Samsung smartphones sold since the release of the Samsung Galaxy Note 10 and the Samsung Galaxy Note 10+ are Infringing Semiconductor Structures.

40.     A cross-sectioned, microscope view of the logic board in the Samsung Galaxy S23 Ultra shows that the logic board is a structure.



41.     The logic board includes a bottom package substrate.

---

[8] *See* iFixit, *Galaxy S23 Ultra Chip ID*, available at
https://www.ifixit.com/Guide/Galaxy+S23+Ultra+Chip+ID/158052 (last visited November 20, 2025).



Bottom Package
Substrate

42.    The logic board includes a top package substrate stacked on top of the bottom package substrate.



43.    The logic board includes at least one spacer connector interposed between the bottom package substrate and the top package substrate to define a space between the bottom package substrate and the top package substrate.



44.    The spacer connector in the logic board includes a core substrate, a plurality of metal (e.g., copper) pillars, each passing through the core substrate, and a plurality of top metal (e.g., copper) pads, each on a top end of a corresponding metal pillar among the plurality of metal pillars. A bottom end of each metal pillar among the plurality of metal pillars protrudes downwardly from a bottom surface of the core substrate.





*Scanning electron microscope images ("SEM") of the spacer connectors*



*SEM images of the top metal pads and the metal pillars*



*SEM images of the metal pillars and the bottom ends of the metal pillars*

45.    The top package substrate has, on a bottom surface thereof, a plurality of bottom metal (e.g., tin) pillars each coupled to a corresponding metal pillar among the plurality of metal pillars of the spacer connector.



*SEM images of the bottom metal pillars*

46.    The bottom package substrate has, on a top surface thereof, a plurality of top metal (e.g., tin) pillars each coupled to a corresponding metal pillar among the plurality of metal pillars of the spacer connector.



*SEM images of the top metal pillars*

47.    The top package substrate is electrically coupled to the bottom package substrate through the plurality of bottom metal pillars of the top package substrate, the plurality of metal pillars of the spacer connector, and the plurality of top metal pillars of the bottom package substrate. For example, electrical signals flow between the top package substrate and the bottom

package substrate via the plurality of bottom metal pillars, the plurality of metal pillars, and the plurality of top metal pillars. The electrical signals are in turn routed to different integrated circuits interfacing with the top package substrate and the bottom package substrate.

48.    A bottom chip is arranged in the space between the bottom package substrate and the top package substrate.



49.    The bottom chip is mounted to the top surface of the bottom package substrate. In other words, the bottom chip is sandwiched between the top package substrate and the bottom package substrate.



50.     The spacer connector in the logic board includes two spacer connectors arranged on opposite sides of the bottom chip. The two spacer connectors define a cavity in between the top package substrate and the bottom package substrate.



51.     Samsung has indirectly infringed and continues to indirectly infringe the '202 Patent because it has induced third parties, including customers, subsidiaries, suppliers, end users, distributors, and/or retailers, to have made, use, offer for sale, sell, and/or import the Accused Products without TopWire's permission in violation of 35 U.S.C. § 271(b).

52.     Based on information and belief, third parties, including Samsung's customers, subsidiaries and wholly- or partially-owned companies, end users, distributors, and/or retailers, have directly infringed the '202 Patent by having made, using, offering for sale, selling, and/or importing the Accused Products, including, for example, by manufacturing, configuring, using, selling, and operating the Accused Products.

53.     Samsung induced these third parties' direct infringement by advertising, encouraging, instructing, providing support for, and/or operating the Accused Products for or on behalf of such third parties.  For example, on information and belief, Samsung induces retailers to import, market, offer to sell, and sell the Accused Products within the United States. Also, Samsung publishes specifications, datasheets, instruction manuals, support materials, developer materials,

marketing materials, and user guide materials that explain, advertise, instruct on, or provide support for the Accused Products.

54.     Samsung took the above actions intending to cause infringing acts by these third parties.

55.     If Samsung did not know that the actions it encouraged constituted infringement of the '202 Patent, Samsung was willfully blind as to its inducing infringement of others. Samsung subjectively believed that there was a high probability that others would infringe the '202 Patent.

56.     Samsung, through its in-house/outside patent counsel, had actual knowledge of the '202 Patent since at least March 15, 2022, when examiner Tuan T. Dinh cited the '202 Patent in a Notice of References Cited for U.S. Patent Application No. 17/185,283 (now U.S. Patent No. 11,483,930 ("the '930 Patent")). The Notice of References Cited is attached as Exhibit B. Samsung later cited the '202 Patent in an Information Disclosure Statement filed in a subsequent continuation patent application stemming from the '930 Patent. The Information Disclosure Statement is attached as Exhibit C.

57.     Based on Samsung's knowledge of the '202 Patent and its continued use of the Infringing Semiconductor Structures in its smartphones, Samsung either knew or should have known that its conduct amounted to infringement of the '202 Patent.

58.     The September 19, 2025 letter addressed to Samsung put Samsung on actual notice of its infringement of the '202 Patent. Despite this letter, on information and belief, Samsung continues to make, use, sell, and offer for sale smartphones with Infringing Semiconductor Structures.

59.     Samsung's infringement has been and continues to be willful and deliberate. On information and belief, Samsung deliberately infringed the Asserted Patent and acted recklessly

and in disregard of the Asserted Patent by making, having made, using, importing, and offering for sale products that infringe the Asserted Patent. On information and belief, the risks of infringement were known to Samsung and/or were so obvious under the circumstances that the infringement risks should have been known. On information and belief, Samsung has no reasonable non-infringement theories. On information and belief, Samsung has not attempted any design/sourcing change to avoid infringement. Samsung has acted despite an objectively high likelihood that its actions constituted infringement of the Asserted Patent. In addition, this objectively-defined risk was known or should have been known to Samsung. On information and belief, Samsung has willfully infringed and/or continues to willfully infringe the Asserted Patent. Samsung exhibited egregious behavior beyond typical infringement in that, despite being aware of its infringement, Samsung did not develop any non-infringement theories, did not attempt any design or sourcing change, and did not otherwise cease its infringement.

## JURY DEMAND

60.    TopWire hereby demands a trial by jury on all issues.

## PRAYER

Wherefore, TopWire prays for entry of judgment as follows:

61.    A judgment in favor of TopWire that Samsung has infringed, directly and/or indirectly, and is infringing, either literally and/or under the doctrine of equivalents, the Asserted Patent;

62.    A judgment in favor of TopWire that Samsung's infringement has been and continues to be willful; in the alternative, a judgment in favor of TopWire that Samsung's infringement is willful and continues to be willful as of the date of this Complaint;

63.     An award of damages in favor of TopWire adequate to compensate TopWire for Samsung's infringement of the Asserted Patent which shall in no event be less than a reasonable royalty, together with interest and costs as fixed by the court pursuant to 35 U.S.C. § 284;

64.     A permanent injunction in favor of TopWire against Samsung enjoining Samsung, its officers, agents, employees, and others acting in privity, from further infringement of the Asserted Patent;

65.     An award of an ongoing royalty for Samsung's post-judgment infringement in the event a permanent injunction is not granted;

66.     An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law in an amount deemed just and appropriate by the Court;

67.     An award of costs and expenses as deemed appropriate by the Court; and

Any other legal or equitable relief to which TopWire is justly entitled.

Dated: December 1, 2025                     Respectfully submitted,

                                            /s/ Warren J. McCarty, III
                                            Warren J. McCarty, III
                                            State Bar No.: 24107857
                                            **THE MCCARTY FIRM, P.C.**
                                            100 Crescent Court, Floor 7
                                            Dallas, Texas 75201
                                            (214) 459-3196
                                            wmccarty@mccartyfirm.com


                                            ***Attorneys for Plaintiff***
                                            **TopWire LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 1, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Warren J. McCarty III*
Warren J. McCarty III
